Daniel, Judge,
 

 after stating the case as above, proceed» ed as follows: The execution of the agreement by the defendant as set forth in the bill, is proved to the satisfaction of the Court both by the testimony of the subscribing witnesses to it, and by the admission of the defendant in his an» swer. Evidence of the parol agreement made between Bunn and the defendant, as stated in the answer, cannot be received, because, it being alleged to have been made at the time, and there being no reason assigned why it was not in» corporated therein, its exception would tend to contradict, add to or vary the written agreement, which the law will not permit to be done by parol evidence.
 
 Secondly,
 
 The deed of gift of the slaves which Bunn made to the defendant, is not produced in evidence. It is admitted and recited as a “ deed of gift” in the agreement executed by the defendant to Bunn. There is not a particle of evidence in the cause to show that to be a testamentary paper. The Court is therefore of the opinion, that the plaintiff is in equity a tenant in common with the plaintiff of all the slaves and their increase which are comprehended in the agreement attached to the bill and executed by the defendant to Bunn, on the 9th of December, 1829. The Court is also of the opinion, that the plaintiff is entitled to a decree for partition of the said slaves, and to have his moiety assigned to his guardian for his use in severalty; and also that he is entitled to an .account of the hires and profits of the said slaves, and a de
 
 *197
 
 cree for one half of the same. Tn taking- this account the commissioner will allow the defendant all just charges either against the property or the plaintiff.
 

 Per Curiam. Decree accordingly.